

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,087-01

### EX PARTE MACARTHUR ROSS, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1415212-A IN THE 232ND DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*. KEEL, J., did not participate.

## O P I N I O N

Applicant pleaded guilty to delivery of a controlled substance and sentenced to two years' imprisonment. Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant claims that he was denied due process through the use of material false evidence, and his guilty plea was involuntary. These claims relate to the discovery of misconduct by former Houston Police Officer Gerald Goines, who was the sole witness against Applicant in his case. Based on the record, the trial court found that Applicant was denied due process by the use of material false evidence against him, and Applicant's guilty plea was involuntary. *Ex parte Mathews,*

638 S.W.3d 685 (Tex. Crim. App. 2022); *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). The State and trial court both recommend granting relief on false evidence and involuntary plea grounds. We agree.

Relief is granted. *Ex parte Chabot*, 300 S.W.3d 768, 772 (Tex. Crim. App. 2009). The judgment in cause number 1415212 in the 232nd District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the information. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: September 27, 2023
Do not publish